UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KELSEY LYVERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE UNIVERSITY OF LOUISVILLE, *et al.*, ) <br> ) <br> ) <br> Defendants. ) | Crim. No. 3:21-cv-00006-GFVT <br><br> **OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Covid-19 global pandemic burst onto the scene early last year and affected every aspect of our lives.  Many Americans have lost loved ones, jobs, and missed out on the opportunity to engage with others or travel as they did before the pandemic.

This case is about another aspect of life that was affected by the pandemic: in-person education.  The Plaintiff, Kelsey Lyvers, was a graduate student at the University of Louisville last year who expected to receive an in-person education during the spring 2020 semester.  Instead, she spent nearly half the semester online because of the Covid-19 pandemic.  There is no question that the University of Louisville intended, at the beginning of the spring 2020 semester, to provide its in-person students with the experiences, opportunities, and services for which those students paid tuition and fees.  However, because of Covid-19, the University of Louisville transitioned all students completely to remote learning and canceled all in-person events, clubs, organizations, and sporting events.

Ms. Lyvers believes that she is entitled to a partial refund from the University of Louisville because of the opportunities and experiences she missed out on when the school transitioned entirely to remote learning.  However, because of the procedural history and current

posture of this case, state court is the more appropriate venue for this controversy, and the matter will be remanded back to state court.

## I

This case was originally filed in Franklin Circuit Court on December 22, 2020. [R. 1 at 2.; R. 1-1 at 35.] On February 3, 2021, Defendants removed this action to federal court.[1] [R. 1.] The original complaint listed the following five causes of action: 1) breach of contract; 2) violation of the Takings Clause; 3) violation of Due Process; 4) conversion; and 5) common law unjust enrichment. [R. 1 at 2; R. 1-1 at 29–34.][2]  On March 5, Defendants filed a Motion to Dismiss, arguing that sovereign immunity serves as a bar to all claims in this suit, that any claims by Ms. Lyvers of "educational malpractice" are non-justiciable, and that Ms. Lyvers fails to adequately state any claims under 42 U.S.C. § 1983. [R. 7.]

On March 26, Ms. Lyvers filed an amended complaint.[3] [R. 8.] The amended complaint provides only two causes of action: 1) breach of contract; and 2) common law unjust enrichment. [R. 8 at 18–22.] In response, Defendants filed a motion to retain jurisdiction and dismiss the amended complaint. [R. 10.] Defendants argue that this Court retains subject matter jurisdiction through supplemental jurisdiction and, in the alternative, has original jurisdiction under the Class Action Fairness Act. [R. 10 at 9.] If the Court were to retain jurisdiction, Defendants again argue that this action should be dismissed on sovereign immunity grounds and that claims of

---

[1] Defendants state that removal is timely under 26 U.S.C. § 1446(b) because this action was removed within thirty (30) days of January 4, 2021, which is the date Defendants received the Summons and Complaint. [R. 1 at 3.] Ms. Lyvers does not challenge the timeliness of removal.
[2] Ms. Lyvers' original Complaint [R. 1-1], as filed in this Court, was missing pages 16–18.  However, given the amended complaint in this matter, Ms. Lyvers was not prejudiced by this filing oversight.
[3] The amended complaint supersedes Ms. Lyver's original complaint and renders Defendants' first motion to dismiss moot. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss."); *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint super[s]edes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

"educational malpractice" are non-justiciable. *Id.* at 12, 25. Defendants also argue that Ms. Lyvers' breach of contract claim should be dismissed because she cannot demonstrate that she was harmed. *Id.* at 24. Ms. Lyvers responded in opposition on May 4 and requested that the matter be remanded to the Franklin County Circuit Court. [R. 13.]

On May 26, Defendants filed a motion to stay pending resolution of a related case, *University of Kentucky v. Regard et al.*, Kentucky Court of Appeals, Case No. 2021-CA-0020-MR. [R. 16.] Ms. Lyvers responded in opposition on June 8, and Defendants replied on June 17. [R. 17; R. 18.]

**II**

**A**

The primary issue is whether this Court has subject matter jurisdiction to hear this case, and if so, whether the Court should retain jurisdiction or remand the matter to state court. Subject matter jurisdiction, which is a threshold inquiry, cannot be forfeited or waived. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).

Here, the parties do not dispute that the Court had subject matter jurisdiction over the case when it was initially removed to federal court because the original complaint included multiple constitutional claims, and the court had supplemental jurisdiction over the state court claims because the claims all "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367; *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,

3

454–55 (6th Cir. 1996)). The issue, however, is that Ms. Lyvers abandoned her constitutional claims in her amended complaint and only state claims remain. [R. 10 at 9; R. 13 at 4.]

The Sixth Circuit has held that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper*, 392 F.3d at 210. Therefore, even though Ms. Lyvers abandoned her constitutional claims, this Court has the discretion to exercise supplemental jurisdiction over Ms. Lyvers' two state law claims. *See Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583–84 (6th Cir. 2011); *see also Smith v. Franklin Cty.*, 227 F. Supp. 2d 667, 679 (E.D. Ky. 2002) ("retaining [supplemental jurisdiction] is within the broad discretion of the trial court and is based on a balancing of the interests involved"). A district court "should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law." *Fossyl v. Milligan*, 317 F. App'x 467, 473 (6th Cir. 2009); *see also FirstEnergy Corp. v. Pircio*, 524 F. Supp. 3d 732, 744 (N.D. Ohio 2021) (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620–21 (6th Cir. 1999)); *Williams v. City of Stanford, Ky.*, --- F. Supp. 3d ----, 2021 WL 1343507, at *15 (E.D. Ky. Apr. 9, 2021).

Generally, where no federal claims remain, there is a presumption against exercising supplemental jurisdiction. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521–22 (6th Cir. 2007). "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Packard*, 423 F. App'x at 585.

Here, the factors weigh in favor of declining to exercise supplemental jurisdiction.

4

Comity and judicial economy favor remanding this case because all federal claims have been dismissed from this lawsuit. *Id.* at 584–85 (finding that comity and judicial economy favored remand when all federal claims were dismissed before trial). Furthermore, state court is a more appropriate forum to adjudicate the state claims at issue in this case because they "implicate novel, or at least unresolved, issues of [Kentucky] law." *Parker v. Robertson*, 34 F. Supp. 3d 859, 862 (M.D. Tenn. Sept. 23, 2014). This is demonstrated by the fact that there are currently numerous, similar cases percolating through the Kentucky state courts, which Defendants admit in their motion to stay. [R. 16-1 at 2.] Furthermore, the parties have not yet commenced discovery, the Court has not yet expended significant resources in this case, Kentucky state courts will have equal or greater familiarity with the state causes of action, and the Franklin Circuit Court presents as equally convenient of a forum as the federal court in this case. *See generally Parker*, 34 F. Supp. 3d at 862; *Pircio*, 524 F. Supp. 3d at 744–45. As far as fairness is concerned, the parties up to this point have not expended extensive time and effort litigating this case. No motions or briefs have been filed since June, there is not currently a trial date set, and there is no reason to believe that the parties will be required to duplicate their efforts at the state court level. *Parker*, 34 F. Supp. 3d at 862. Ultimately, the Court finds that the factors weigh in favor of remand.

B

In the alternative, Defendants argue that the Court has original jurisdiction over this case pursuant to the Class Action Fairness Act. [R. 10 at 10.] Defendants argue that this case meets the requirements of the Act because there are an estimated 22,684 putative class members, the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

at 10–11. In response, Ms. Lyvers argues that the Act does not apply to this case because CAFA is inapplicable to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." [R. 13 at 8 (quoting 28 U.S.C. § 1332(d)(5)(A))]; *see also Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) (finding CAFA "inapplicable to class actions in which the primary defendants are states, state officials, or other governmental entities against whom the district court may be foreclosed from granting relief").

The Sixth Circuit has not addressed the issue of whether CAFA requires only some rather than all primary defendants to be states, state officials, or governmental entities for the "state action" exception to apply. However, other circuits, and at least one district judge in the Eastern District of Kentucky, have held that all primary entities must be states, state officials, or governmental entities for the exception to apply. *See Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263 (10th Cir. 2014) (finding that language of § 1332(d)(5) requires "all primary defendants to be state entities"); *see also Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (same); *Meiman v. Kenton County, Ky.*, 2011 WL 350465, at *9 (E.D. Ky. Feb. 2, 2011) (same).

Here, all defendants are states, state officials, or governmental entities. As Defendants admit in their motion, the University of Louisville is an arm of the state. [*See* R. 10 at 13]; *see also McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (finding that public universities qualify "as an arm of the state"). Furthermore, claims against the Trustees, who are being sued in their official capacities, are construed as "a suit against the entity…for the real party in interest is the entity." [R. 13 at 8 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))]. Because this lawsuit falls within the state action exception, and the state entities may

6

be entitled to sovereign immunity, Defendants cannot rely upon CAFA for the district court to retain jurisdiction. *See Kendrick v. Conduent State and Local Solutions, Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018) ("In deciding whether the governmental entity exception applies, however, the existence or waiver of immunity is not the issue; the only issue is whether the entity is such that a claim of immunity may be made.") Because the Court is remanding this case to state court, it need not address Defendants' motion to dismiss the amended complaint accompanying the motion to retain jurisdiction [R. 10] or Defendants' motion to stay [R. 16] and will deny those motions as moot.

### III

Defendants never filed a reply to their Motion to Retain Jurisdiction. Instead, in their Motion to Stay, Defendants requested the opportunity to reply to their Motion to Retain Jurisdiction after the disposition of a similar matter currently being litigated in state court. [R. 16.] However, L.R. 7.1(c) states that "[a] party may file a reply within 14 days of service of the response." That language is permissive and does not require a reply to be filed at all. Furthermore, the Court already granted one extension, and Defendants chose to file a Motion to Stay instead of a reply to their Motion to Retain Jurisdiction. The deadline to reply has now long passed. Therefore, Defendants' request will be denied, and the Court may rule on the Motion to Retain Jurisdiction without Defendants' reply. *See Jones v. Bolton*, 2020 WL 807534, at *1 (W.D. Ky. Feb. 18, 2020) (ruling on motion without reply after deadline to reply pursuant to Local Rule 7.1 passed without submission).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss **[R. 7]** is **DENIED AS MOOT**;

2. Defendants' Motion to Retain Jurisdiction and Dismiss Amended Complaint **[R. 10]** is

   **DENIED**;

3. Defendants' Motion to Stay **[R. 16]** is **DENIED AS MOOT**;

4. This matter is **REMANDED** in its entirety to the Franklin Circuit Court from which it was removed; and

5. This matter is **STRICKEN** from the Court's active docket.

This the 11th day of November, 2021.

Gregory F. Van Tatenhove
United States District Judge